IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| TITUS FOMUKONG PEKWALEKE, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| MARKWAYNE MULLIN, SECRETARY | § | |
| OF THE U.S. DEPARTMENT OF | § | |
| HOMELAND SECURITY; U.S. | § | |
| DEPARTMENT OF HOMELAND | § | CIVIL ACTION NO. 9:26-CV-00349 |
| SECURITY; TODD LYONS, ACTING | § | JUDGE MICHAEL J. TRUNCALE |
| DIRECTOR OF THE US. IMMIGRATION | § | |
| AND CUSTOMS ENFORCEMENT; | § | |
| GABRIEL MARTINEZ, ACTING | § | |
| ASSISTANT FIELD OFFICE DIRECTOR | § | |
| OF THE HOUSTON FIELD OFFICE OF | § | |
| U.S. IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT; AND JOHN DOE, | § | |
| WARDEN, IAH SECURE ADULT | § | |
| DETENTION FACILITY, IN THEIR | § | |
| OFFICIAL CAPACITIES, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Titus Fomukong Pekwaleke ("Pekwaleke")'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Titus Fomukong Pekwaleke is a Camaroonian national. [Dkt. 1 at ¶ 13]. On January 15, 2026, United States Immigration and Customs Enforcement ("ICE") detained Pekwaleke. *Id.* at ¶ 17.

On May 15, 2026, Pekwaleke brought a habeas corpus petition, claiming that his detention

violates the Fifth Amendment to the United States Constitution. [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Due Process

Pekwaleke challenges the Government's authority to detain him while removal proceedings are pending, specifically asserting that his detention is unduly prolonged. [Dkt. 1]. His challenge is misplaced for a few reasons. At least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Pekwaleke is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a).

In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit found that the mandatory detention

procedures in § 1225(b)(2)(A) apply to aliens who have entered the United States without inspection and have been subsequently detained. 166 F.4th 494 (5th Cir. 2026). It is of no moment that prior administrations' policy approaches were different; the statute's text controls. *See id.*

Pekwaleke also alleges a violation of the Fifth Amendment's due process clause because of his prolonged detention. *Zadvydas v. Davis* provides that aliens pending removal pursuant to 8 U.S.C. § 1231 cannot be detained indefinitely. 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* Courts "must ask whether the detention in question exceeds a period reasonably necessary to secure removal," considering "the greater immigration-related expertise of the Executive Branch," "the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute," and "the Nation's need to 'speak with one voice' in immigration matters." *Id.* at 700. As guidance, the Supreme Court assumed a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. After this six-month period has elapsed, the alien has the burden of demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably near future." *Id.* at 701. Because this six-month period has not yet elapsed, Pekwaleke cannot carry his burden.

## IV. CONCLUSION

It is therefore **ORDERED** that Pekwaleke's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 21st day of May, 2026.**

Michael J. Truncale
United States District Judge